OPINION
Plaintiff-appellant, the City of Alliance, appeals the September 14, 1999 Judgment Entry of the Alliance Municipal Court which granted defendant-appellee, Bruce King's, Motion to Suppress and Dismiss.
 STATEMENT OF THE CASE AND FACTS
On May 15, 1999, the Alliance Police Department arrested appellee and charged him with being present in a place where controlled substances were used in violation of Alliance Ordinance 513.14; and with possession of drug paraphernalia, in violation of Alliance Ordinance 513.12. At a May 17, 1999 arraignment, appellee plead not guilty to each charge. On June 25, 1999, appellee filed a Motion to Suppress and Dismiss claiming the no-knock warrant did not give the police the authority to search the appellee. In a September 14, 1999 Judgment Entry, the trial court granted appellee's motion and dismissed the case. This judgment entry stated in relevant part: This matter came on for hearing on Defendant's motion to suppress and dismiss. Both parties were present with counsel * * * The Court makes the following findings of fact and conclusions of law.
 * * *
The motion to suppress poses more difficult problems for the City of Alliance for a number of reasons. The Court finds that the search of the Defendant was conducted without any prior judicial authorization and without any justifiable exception to the warrant requirement for Defendant's arrest. Defendant gave no consent to being searched.
 * * *
Thus, the search cannot be justified as a protective search for weapons. Wherefore, it is ORDERED that this case be dismissed with costs to Plaintiff. Judgment Entry at 1, 5, 11.
It is from that judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE JUDGE ERRED IN FINDING PROBABLE CAUSE WAS LACKING FOR THE ARREST OF DEFENDANT.
 II. THE JUDGE ERRED IN DETERMINING THAT POLICE OFFICERS DID NOT HAVE SPECIFIC OBJECTIVE AND ARTICULABLE FACTS TO JUSTIFY A TERRY SEARCH OF DEFENDANT.
As noted above, the judgment entry granting appellant's motion to dismiss was filed September 14, 1999. On October 11, 1999, appellant filed a notice of appeal with this Court. The notice of appeal was not accompanied by a motion for leave to appeal as is required in an appeal filed under App.R. 5(B). We further note the notice of appeal was not accompanied by a certification as required by App.R. 4(B)(4) and Crim.R. 12(J). App.R. 4(B)(4) governs appeals taken by the prosecution of a judgment entry granting the suppression of evidence. The rule requires compliance with Crim.R. 12(J) and further requires the notice to be filed within seven days from the judgment entry granting suppression. We have reviewed the judgment entry. The trial court did not specifically rule on appellant's motion to suppress, but the dismissal appears to have been predicated upon a suppression of appellant's evidence. To the extent the trial court's September 14, 1999 Judgment Entry granted appellee's motion to suppress evidence, appellant's notice of appeal was both untimely filed and failed to include the requisite certification. To the extent the trial court's September 14, 1999 Judgment Entry granted appellee's motion to dismiss, appellant failed to request leave from this Court to appeal. Accordingly, we are without jurisdiction to hear this appeal.
This appeal is dismissed.
WISE, J. and READER, V.J. CONCUR.